■ RICHARD C. AMADON, JR., as Administrator of the Estate of RONALD A. AMADON, Deceased, Appellant, v STATE OF NEW YORK, Respondent.—Mercure, J. Appeal from a judgment in favor of the State, entered January 9, 1991, upon a decision of the Court of Claims (E. Margolis, J.).

Claimant's decedent was murdered October 27, 1985 in Vermont by John Kugler, Jr., an escapee from Capital District Psychiatric Center (hereinafter CDPC) in the City of Albany. As a result of the fatal attack, claimant commenced this wrongful death action seeking damages for, inter alia, economic loss and conscious pain and suffering. The claim alleged that the State, through its agents and employees at CDPC, was negligent in failing to adequately evaluate Kugler's mental condition, permitting Kugler to escape and failing to take reasonable steps to secure his return to the facility.

Kugler had been arrested on August 17, 1985 in the Town of Hebron, Washington County, and charged with assault in the third degree. Based on the bizarre behavior that he

exhibited while in the County Jail, Town Court ordered a psychiatric examination pursuant to CPL 730.30. Thereafter, Town Court issued a final order of observation *(see,* CPL 730.40 [1], [2]), dismissed the charges and committed Kugler to the custody of the Commissioner of Mental Hygiene for care and treatment for a period not to exceed 90 days. Following review of Kugler's prior arrest record, he was admitted to CDPC, an adult, civil, nonsecure hospital, on September 11, 1985 and placed in an open unit under "close observation". Close observation status required that Kugler be checked visually by staff every 15 minutes. Two days later, his treating psychiatrist changed his status and permitted escorted trips to meals and the laundry room. On September 23, 1985, his status was again modified and he was allowed to leave the unit, but not the building, with an escort. Kugler escaped the following day.

On October 5, 1985, CDPC received notification from the Vermont State Police that Kugler had been located in that State. Several conversations involving CDPC officials, the Vermont State Police and mental health authorities in Rutland, Vermont, ensued. Vermont authorities insisted that they could not take Kugler into custody, however, and Vermont State Police thereafter lost sight of Kugler and remained unaware of his whereabouts until he was arrested for the murder of claimant's decedent. The claim proceeded to trial and, following the close of proof, the Court of Claims granted the State's motion to dismiss. Claimant now appeals.

Initially, we agree with the Court of Claims that claimant essentially asserted two causes of action against the State, negligence in (1) allowing Kugler to escape and (2) in failing to secure his return to this State. Addressing the first cause of action, we reject claimant's contention that the State was negligent in allowing Kugler to escape from CDPC. It has long been settled that "the State may not be held liable for errors in medical judgment by psychiatrists in the employ of the State if such judgment, even though erroneous, is exercised after careful examination of the patient" *(Clark v State of New York,* 99 AD2d 616; *see, Schrempf v State of New York,* 66 NY2d 289, 295; *Smith v Fishkill Health-Related Center,* 169 AD2d 309, 314, *lv denied* 78 NY2d 864). Liability may be imposed, however, "if [the] judgment was not based upon intelligent reasoning or upon adequate examination so that there has been a failure to exercise *any* professional judgment" *(Snow v State of New York,* 98 AD2d 442, 447, *affd* 64 NY2d 745 [emphasis supplied]). Here, claimant argues that

Kugler's assignment to an open unit and reclassification from "close observation" to "Level I" and thereafter to "Level II", in the face of his display of angry, hostile and threatening behavior, evidences a lack of any intelligent evaluation of Kugler's condition and, therefore, cannot be viewed as the exercise of professional judgment. We disagree. In our view, the record reflects that the treating psychiatrist's determinations were made on the basis of continued careful examination and thus, at most, were errors in the exercise of professional judgment *(cf., Clark v State of New York, supra).*

Moreover, this portion of the claim was properly dismissed for failure to state a prima facie case, given claimant's failure to offer expert testimony demonstrating a departure from accepted standards of medical practice. The evaluation of the appropriate level of supervision implicates the professional standard of care *(see, Killeen v State of New York,* 66 NY2d 850, 851; *Schrempf v State of New York,* 66 NY2d 289, 295-296, *supra; Topel v Long Is. Jewish Med. Center,* 55 NY2d 682, 684-685) and, as such, must be proven by expert testimony *(see, Berger v State of New York,* 171 AD2d 713, 717).

Turning to the cause of action asserting that CDPC personnel were negligent in failing to take reasonable steps to secure Kugler's return to this State, we disagree with the conclusion of the Court of Claims that the enforcement of the Interstate Compact on Mental Health *(see,* Mental Hygiene Law § 67.07; Vt Stat Annot, tit 18, §§ 9001-9052) is a governmental function, requiring a special relationship between decedent and the State for the imposition of liability. The provision of psychiatric services is a proprietary function and the State is held to the same duty of care as private institutions engaging in the same activity *(see, Schrempf v State of New York, supra,* at 294). Nevertheless, because the record demonstrates that the State fulfilled its burden of making efforts reasonably calculated to facilitate Kugler's apprehension, we agree with the Court of Claims' determination to dismiss this portion of the claim as well.

CDPC officials promptly notified the Albany Police Department of Kugler's escape and that department, in turn, prepared a teletype listing Kugler as "assaultive" and as a "missing person [with a] disability". Further, upon being advised that Kugler had been located in Vermont, CDPC facility supervisor Shirley Staley spoke with the Vermont State Police and Rutland mental health official Sandy Lasky in an attempt to have Kugler apprehended and returned to this State. Staley informed Lasky, *inter alia,* that (1) Kugler

had threatened CDPC staff prior to his escape and had a history of assaultive behavior, (2) Kugler had been without medication since his escape and would decompensate quickly without it, and (3) Kugler was listed as an "escaped" patient due to the potential danger he posed to others. Despite these efforts, Vermont authorities refused to apprehend Kugler until such time as they observed him doing something illegal or so bizarre that they could obtain a warrant for an emergency mental evaluation. CDPC officials also explored the possibility of having Kugler apprehended on charges pending in Columbia County.

In these circumstances, claimant's argument that the State failed to comply with Mental Hygiene Law § 67.07 is meritless. New York officials fulfilled their duty by persistently and aggressively providing Vermont authorities with the circumstances warranting Kugler's detention, and claimant has failed to specify how the failure to notify the Compact Administrator limited the efforts to apprehend Kugler.

Weiss, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs. [See, 149 Misc 2d 383.]