■ ONIS RATTRAY, Respondent, v STATE OF NEW YORK, Appellant. SELVIN JAMES et al., Respondents, v STATE OF NEW YORK, Appellant. [636 NYS2d 43] —Judgments, Court of Claims, State of New York (Albert A. Blinder, J.), both entered November 10, 1994, which, after a nonjury trial, found in favor of the claimants on the issue of liability only, and ordered that the claims be returned to the general calendar upon the service and filing of a Note of Issue and Certificate of Readiness, unanimously affirmed, without costs.

On February 22, 1988, Donald Rattray, a voluntary mental patient at Bronx Psychiatric Center with a history of self-mutilative and assaultive behavior, eloped from the facility for the fifth time in a six month period. Rattray, who had been assigned the task of mopping a portion of the third floor of Ward 8, entered a utility closet, which had been left unlocked by hospital staff, tied several bed sheets together, then lowered himself to the ground through an ungated window and left the facility's grounds.

In accordance with his usual mode of behavior, after eloping from the facility, Rattray appeared at the home of George Rattray, his father. George Rattray fed his son, instructed him to take a shower, gave him fresh clothes and told him he could spend the night on the extra bed in the room shared by the two claimants. In light of Rattray's prior self-mutilation and assaultive behavior involving knives and razors, his father had previously secured all of the household's knives and sharp implements. However, a hatchet, which was usually stored in the father's tool closet, had been left in a kitchen cabinet without the father's knowledge. Donald Rattray used this to assault the two claimants causing them severe injuries.

It is well settled that where the State engages in a proprietary function such as providing medical and psychiatric care, it is held to the same duty of care as private individuals and institutions engaged in the same activity (*Schrempf v State of New York*, 66 NY2d 289, 294). The State has frequently been held liable for the consequences of its breach of the duty to protect others from the acts of the mentally ill confined in State institutions (*supra*). "In such cases, where the confinement is not in the nature of *punishment,* but rather of *restraint* and, where possible, cure, there is both a duty to the inmate to provide him with reasonable rehabilitational conditions under the circumstances and to the outside public to restrain the dangerous, or potentially dangerous, so that they may not harm others" (*Williams v State of New York*, 308 NY 548, 554-555).

The level of supervision involved in this case was a matter of professional medical judgment, based upon which there can be no liability even if that judgment was erroneous (*Bell v New York City Health & Hosps. Corp.*, 90 AD2d 270, 279). However, the exercise of medical judgment in determining Donald Rattray's status is not the proper issue under the facts and circumstances herein. The record supports the finding that there was no indication that the intensity of supervision would have been any different whether Donald Rattray had been an involuntary as opposed to a voluntary patient. Indeed, Donald Rattray was on involuntary status during his third admission to Bronx Psychiatric Center which began on December 11, 1987, and this did not prevent him from leaving the facility without permission on January 26, 1988 and then again on February 7, 1988, just weeks before the incident involved herein. Rather, the dispositive issue is whether proper security measures were taken with respect to Donald Rattray by the defendant in fulfillment of its duty to the public and particularly to Donald Rattray's extended family to which he repeatedly returned.

Given Donald Rattray's history of recent escapes and his prior history of self-mutilation and assaults involving knives and razors, there can be no doubt that the defendant was on notice with respect to Donald Rattray's escapist and assaultive tendencies. The consequences of leaving Donald Rattray with unsupervised access to an unguarded window which resulted in this case were foreseeable. The finding of liability under these circumstances was appropriate (*compare, Thall v State of New York*, 42 AD2d 622). We have reviewed the other arguments raised by the defendant-appellant and find them to be without merit. Concur—Rosenberger, J. P., Rubin, Ross, Nardelli and Mazzarelli, JJ.