■ David Orlin, Appellant, v Colgate Scaffolding Corp. et al., Respondents. [669 NYS2d 548] —Order, Supreme Court, New

York County (Carol Huff, J.), entered October 31, 1996, granting defendants' motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motions denied, the complaint reinstated and the matter remanded for further proceedings.

Plaintiff was injured when he tripped and fell over an I-beam located across a sidewalk. The I-beam was part of a construction project. The defendants in this case were the contractor and subcontractors hired for restoration work on a building adjacent to the location of the accident, and the building owner. Plaintiff tripped while walking to work along the same route that he walked on a regular basis; however, this was the first time that he had come across the construction work. The 6 to 8 inch high I-beam lay across the sidewalk at the construction site. As he approached, he noticed that there was no sign directing pedestrian traffic away from this part of the sidewalk, nor cones or other obstructions barring or warning pedestrians. As such, he proceeded to continue his walk, but, as he stepped over the I-beam, his foot caught on the protruding part of the beam, causing him to fall.

We disagree with the motion court that, as a matter of law, the only cause of the accident was plaintiff's own conduct which was reckless and unforeseeable, and that plaintiff's assumption of an unnecessary risk in stepping over the I-beam, rather than altering his route, relieved the defendants of their own negligence or the consequences of administrative violations. Rather, once plaintiff established his prima facie case that defendants were negligent in the placement of the I-beam and in failing to take adequate safeguards (see, Administrative Code of City of NY § 27-1018 [a]; § 27-1009 [a]), proximate cause became an issue of fact (Mirand v City of New York, 84 NY2d 44, 51; Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 585), especially when multiple inferences may be drawn from the evidence (Nowlin v City of New York, 81 NY2d 81; Butler v Helmsley-Spear, Inc., 198 AD2d 131, 132). This is not the type of rare case where " 'only one conclusion may be drawn from the established facts' " (Kriz v Schum, 75 NY2d 25, 34, quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315), so that the defendants may "unequivocally establish [that they] could not have contributed to the causation of plaintiff's injury" (Reid v Georgia-Pacific Corp., 212 AD2d 462, 463). Nor as a matter of law was plaintiff's conduct unforeseeable, ordinarily a factual issue itself (Kriz v Schum, supra). Finally, whether or not plaintiff assumed a risk by stepping over the I-beam, rather than avoiding it, also remains a factual issue under the cir-

cumstances of this case. Concur—Milonas, J. P., Rosenberger, Ellerin and Tom, JJ.