■ EDWARD DONOHUE, Respondent, v SEVEN SEVENTEEN HB BUFFALO CORPORATION, Doing Business as ADAM'S MARK HOTEL—BUFFALO, et al., Appellants, et al., Defendant. [739 NYS2d 506] —Appeal from an order of Supreme Court, Erie County (Joslin, J.), entered July 27, 2001, which denied the motion of defendants Seven Seventeen HB Buffalo Corporation, doing business as Adam's Mark Hotel—Buffalo, H.B.E. Corporation and Erie County Industrial Development Agency for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff sustained injuries when he tripped and fell over a roll of fencing that was lying across the sidewalk on the grounds of the Adam's Mark Hotel—Buffalo. Supreme Court properly denied the motion of Seven Seventeen HB Buffalo Corporation, doing business as Adam's Mark Hotel—Buffalo, H.B.E. Corporation and Erie County Industrial Development Agency (defendants) seeking summary judgment dismissing the complaint against them. Defendants failed to meet their initial burden of establishing as a matter of law that they were not negligent or that their negligence was not a proximate cause of plaintiff's injuries. Defendants cannot meet their initial burden "by noting gaps in [their] opponent's proof" (*Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980; *see, Dodge v City of Hornell Indus. Dev. Agency*, 286 AD2d 902, 903). The fact that the roll of fencing was "readily observable goes to the issue of comparative negligence and does not negate the duty of defendants to keep their premises reasonably safe" (*Crawford v Marcello*, 247 AD2d 907, 907; *see also, Patterson v Troyer Potato Prods.*, 273 AD2d 865; *Williams v Chenango County Agric. Socy.*, 272 AD2d 906, 907; *Vereerstraeten v Cook*, 266 AD2d 901). Defendants' reliance upon our decision in *Duclos v County of Monroe* (258 AD2d 925) is misplaced; that case involved a natural condition on the property of defendant landowners rather than a man-made hazard that may be eliminated through the exercise of reasonable care.

Contrary to defendants' further contention, the issue whether plaintiff assumed the risk of his injuries is one of fact for the jury (*see, Orlin v Colgate Scaffolding Corp.*, 248 AD2d 114, 115-116). In addition, plaintiff's conduct in attempting to step over the roll of fencing was not unforeseeable as a matter of law, and thus the issue of proximate cause also is one of fact for the jury (*see, Orlin v Colgate Scaffolding Corp., supra* at 115). Present—Pigott, Jr., P.J., Hayes, Wisner, Hurlbutt and Gorski, JJ.