■ ROBERT E. BROWN, Individually and as Administrator of the Goods, Chattels and Credits of PENNY L. BROWN, Deceased, Respondent, v WANDA SPEED et al., Appellants, et al., Defendants. [754 NYS2d 810] —Appeal from an order of Supreme Court, Cattaraugus County (NeMoyer, J.), entered November 21, 2001, which denied defendants' motion seeking to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: On October 27, 1998, defendants, employees of the New York State Office of Children and Family Services (OCFS), were directed by Family Court to provide aftercare services for Edward K., a person adjudicated a juvenile delinquent. The aftercare services were to be provided for one year upon Edward K.'s conditional release from an OCFS facility and were to include mental health treatment and sexual offender treatment. During that one-year period, Edward K. raped and killed plaintiff's decedent, who was married to plaintiff and had children with him. Plaintiff thereafter commenced this action, alleging that defendants' failure to provide various mental health services to Edward K. is a proximate cause of his wife's death. We agree with defendants that the provision of aftercare services is a governmental rather than a proprietary function, and thus we conclude that Supreme Court erred in denying defendants' motion seeking to dismiss the complaint pursuant to CPLR 3211 (a) (7).

This case "places before us the dichotomy between actions undertaken by * * * agents in a governmental capacity for which tort immunity is conferred and proprietary functions that subject [those agents] to ordinary tort liability * * *. To determine where in the continuum of activity between proprietary and governmental responsibilities the challenged public action falls, we must examine ' "the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred" ' " (*Balsam v Delma Eng'g Corp.*, 90 NY2d 966, 967-968, quoting *Miller v State of*

*New York,* 62 NY2d 506, 513). Although the provision of psychiatric care has been treated by the courts as a proprietary rather than a governmental function (*see Schrempf v State of New York,* 66 NY2d 289, 293-295; *Rattray v State of New York,* 223 AD2d 356, 357; *Amadon v State of New York,* 182 AD2d 955, 957), here defendants were not themselves providing the psychiatric care. Rather, their function was to arrange and coordinate various mental health services as part of the aftercare services that they had been ordered to provide for Edward K. (*see* Executive Law § 502 [9]), not to treat Edward K. themselves for the underlying mental health conditions.

In 1997 Family Court considered "the needs and best interests of [Edward K.] [and] the need for protection of the community" (Family Ct Act § 301.1; *see Sebastian v State of New York,* 93 NY2d 790, 794-795) when it removed Edward K. from the community and placed him in the custody of OCFS, where he was confined. That initial confinement of Edward K. "denote[d] a quintessentially governmental activity" (*Sebastian,* 93 NY2d at 795), as did the continued court-ordered and statutorily-mandated supervision of Edward K. during the period of conditional release when he was subject to reconfinement (*see* Executive Law § 510-b). We therefore conclude that the various mental health services were part of the aftercare services that defendants were ordered to provide and that the provision of such services, as opposed to the treatment itself, is a governmental rather than a proprietary function. Thus, we conclude that the court erred in denying defendants' motion. Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Lawton, JJ.