■ VIOLET ATKINS et al., Respondents, v UNITED REFINING HOLDINGS, INC., Appellant. [896 NYS2d 556]—Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered July 13, 2009 in a personal injury action. The order denied the motion of defendant for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Violet Atkins (plaintiff) when she allegedly tripped and fell on a sidewalk on property owned by defendant. We conclude that Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. "It is well established . . . that '[a] moving party

must affirmatively [demonstrate] the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof' " (*Dodge v City of Hornell Indus. Dev. Agency*, 286 AD2d 902, 903 [2001]; *see e.g. Hunley v University of Rochester Strong Mem. Hosp.*, 294 AD2d 923 [2002]; *Donohue v Seven Seventeen HB Buffalo Corp.*, 292 AD2d 786 [2002]). We conclude that "[d]efendant failed to meet its initial burden of establishing as a matter of law that it was not negligent . . . or that its alleged negligence was not a proximate cause of plaintiff's injuries" (*Hunley*, 294 AD2d 923 [2002]; *see also Kanney v Goodyear Tire & Rubber Co.*, 245 AD2d 1034, 1036 [1997]; *cf. McGill v United Parcel Serv., Inc.*, 53 AD3d 1077 [2008]). In any event, we agree with plaintiffs that they alleged facts in opposition to the motion from which defendant's negligence may reasonably be inferred and thus that they raised a triable issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Peradotto, Lindley and Gorski, JJ.