# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**498**

**CA 11-02477**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

PETER MALAMAS AND JODIE MALAMAS,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

TOYS "R" US-DELAWARE, INC.,
DEFENDANT-APPELLANT.

---

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (ARTHUR A. HERDZIK OF COUNSEL), FOR DEFENDANT-APPELLANT.

MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (THERESA E. QUINN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Catherine R. Nugent Panepinto, J.), entered November 1, 2011 in a personal injury action. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Peter Malamas (plaintiff) when he was struck in the back of the head by a box containing a swing set at defendant's store. We conclude that Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. "It is well established . . . that [a] moving party must affirmatively [demonstrate] the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof" (*Atkins v United Ref. Holdings, Inc.*, 71 AD3d 1459, 1459-1460 [internal quotation marks omitted]; *see DiBartolomeo v St. Peter's Hosp. of the City of Albany*, 73 AD3d 1326, 1327). We conclude that " '[d]efendant failed to meet its initial burden of establishing as a matter of law that . . . its alleged negligence was not a proximate cause of plaintiff's injuries' " (*Atkins*, 71 AD3d at 1460; *see Kanney v Goodyear Tire & Rubber Co.*, 245 AD2d 1034, 1036). Inasmuch as defendant failed to meet its initial burden on the motion, the burden never shifted to plaintiffs to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Entered: April 20, 2012                          Frances E. Cafarell
                                                Clerk of the Court