# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**746**

**CA 12-00103**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND SCONIERS, JJ.

---

RICHARD T. ANDREWS, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

COUNTY OF CAYUGA, DEFENDANT-APPELLANT.

---

THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (BRYAN GEORGIADY OF COUNSEL), FOR DEFENDANT-APPELLANT.

KUEHNER LAW FIRM, PLLC, SYRACUSE (KEVIN P. KUEHNER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered April 13, 2011. The order, among other things, denied defendant's motion for dismissal and summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while he was a detainee at the Cayuga County Jail. He alleged that, while he was detained in the jail, defendant withheld his prescribed medications, including psychiatric medications, and failed "to exercise reasonable care and provide medical services within the standard of care and . . . to exercise care and prudence in the care and treatment of [plaintiff] during his medical emergency." It is undisputed that plaintiff suffered a seizure while at the jail and that, following the seizure, he had injuries to both of his shoulders.

Defendant failed to respond to plaintiff's multiple requests for discovery and depositions and, instead, moved to dismiss the complaint and for summary judgment dismissing the complaint contending, inter alia, that plaintiff "failed to meet applicable pleading standards . . . and failed to adduce evidence raising a triable issue of fact." We conclude that Supreme Court properly denied defendant's motion.

"It is well settled that the State owes a duty to its incarcerated citizens to provide them with adequate medical care (*Kagan v State of New York*, 221 AD2d 7). Moreover, when the medical care provided by the State includes the provision of psychiatric services, the State will be held to the same duty of care as a private institution engaged in such activity (*Rattray v State of New York*, 223 AD2d 356; *Amadon v State of New York*, 182 AD2d 955, 957[, *lv denied* 81

NY2d 701])" (*Arias v State of New York*, 195 Misc 2d 64, 70).  That
"duty has been defined in terms of both negligence . . . and medical
malpractice" (*Kagan*, 221 AD2d at 16).  The evidence submitted by
defendant establishes that plaintiff was not given certain medications
while he was detained at the jail.  One of those medications was a
controlled substance, and defendant contends that there was a policy
prohibiting it from dispensing that medication in the jail.  In an
affidavit submitted by defendant in support of its motion, one of the
mental health nurses averred that, during her nine years at the jail,
she had observed psychiatrists order controlled substances, albeit "on
rare occasions."  Thus, there is a question whether there was an
absolute prohibition on the dispensation of that medication or whether
there was a medical determination not to dispense the medication.
Defendant also submitted evidence that, when plaintiff informed jail
personnel of the potential for withdrawal symptoms in the event that
he did not receive his legally prescribed medications, he was told
"[W]ell, too bad."  The facts presented by defendant establish that
plaintiff "communicated legitimate medical complaints to prison
personnel [that] were either ignored or discounted by the very
individuals whose duty it was to listen and arrange for appropriate
diagnosis and treatment.  The evidence further establishes that
[plaintiff's shoulders] were damaged as a direct result of these
omissions" (*Kagan*, 221 AD2d at 17).  We thus conclude that defendant
failed to meet its burden of establishing its entitlement to judgment
as a matter of law on those claims (*see Kagan*, 221 AD2d at 16-17; *see
generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Even assuming, arguendo, that defendant is correct and
plaintiff's claim is actually a "claim for denial-of-care owing to
institutional factors, not professional error," we conclude that
defendant, as the movant, failed to establish its entitlement to
judgment as a matter of law (*cf. Tatta v State of New York*, 19 AD3d
817, 819, *lv denied* 5 NY3d 712).

Defendant further contends that it is entitled to summary
judgment because plaintiff's theory for the injuries he sustained
during the seizure is "completely speculative."  We reject that
contention.  "It is well established . . . that [a] moving party must
affirmatively [demonstrate] the merits of its cause of action or
defense and does not meet its burden by noting gaps in its opponent's
proof" (*Atkins v United Ref. Holdings, Inc.*, 71 AD3d 1459, 1459-1460
[internal quotation marks omitted]; *see Brown v Smith*, 85 AD3d 1648,
1649; *Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980).

Finally, we conclude that defendant has failed to establish as a
matter of law that it should be relieved of any liability based on the
emergency doctrine.  Pursuant to that doctrine " 'when an actor is
faced with a sudden and unexpected circumstance which leaves little or
no time for thought, deliberation or consideration, or causes the
actor to be reasonably so disturbed that [he or she] must make a
speedy decision without weighing alternative courses of conduct, the
actor may not be negligent if the actions taken are reasonable and
prudent in the emergency context' " (*Caristo v Sanzone*, 96 NY2d 172,
174, quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327, *rearg*

*denied* 77 NY2d 990).  "[I]t generally remains a question for the trier of fact to determine whether an emergency existed and, if so, whether the defendant's response thereto was reasonable" (*Schlanger v Doe*, 53 AD3d 827, 828; *see Patterson v Central N.Y. Reg. Transp. Auth. [CNYRTA]*, 94 AD3d 1565).

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court