# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1043**
**CA 15-00442**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

GREAT LAKES MOTOR CORP., DOING BUSINESS AS
MERCEDES-BENZ OF BUFFALO, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PATRICK J. JOHNSON, DEFENDANT-APPELLANT.

---

WOODS OVIATT GILMAN LLP, BUFFALO (WILLIAM F. SAVINO OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 13, 2015.  The order denied defendant's motion for summary judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages allegedly arising from defendant's breach of an "Agreement Not to Export" (Agreement), which defendant signed when he purchased a Mercedez-Benz motor vehicle from plaintiff's dealership in Buffalo. The Agreement prohibited defendant from exporting the vehicle outside of North America for a period of one year, and included a $20,000 liquidated damages clause.  The vehicle was exported to China approximately two weeks after defendant purchased it, prompting plaintiff to commence this action.  In his answer, defendant asserted as an affirmative defense that plaintiff's claims "are barred in whole or in part because Plaintiff suffered no loss or damages," and the liquidated damages clause in the Agreement is unenforceable. Following joinder of issue but prior to discovery, defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the liquidated damages clause is unenforceable because the amount of liquidated damages is essentially a penalty and bears no relation to plaintiff's actual damages, which are nonexistent.  Supreme Court denied the motion without prejudice, and we now affirm.

Liquidated damages are enforceable only to the extent that they comprise " 'an estimate, made by the parties at the time they enter into their agreement, of the extent of the injury that would be sustained as a result of breach of the agreement' " (*JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 380).  As a general rule, a

liquidated damages clause is enforceable only if the stipulated amount of damages "bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation" (*Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 425; *see G3-Purves St., LLC v Thomson Purves, LLC*, 101 AD3d 37, 41).  If, however, the clause provides for damages that are " 'plainly or grossly disproportionate to the probable loss, the provision calls for a penalty and will not be enforced' " (*JMD Holding Corp.*, 4 NY3d at 380).

Here, defendant failed to meet his initial burden of establishing as a matter of law that the amount of liquidated damages does not bear a reasonable relation to plaintiff's actual damages.  In support of his motion, defendant relied on affidavits from himself and his attorney, both of whom asserted, upon information and belief only, that plaintiff sustained no actual damages, and that the liquidated damages clause is therefore unenforceable.  Defendant offered no evidence in support of those conclusory assertions, and therefore failed to meet his initial burden of proof (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Thus, the court properly denied defendant's motion, "regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).  Although defendant may be correct in contending that plaintiff cannot establish at trial that it sustained any actual damages as a result of defendant's breach of the Agreement, it is well settled that a party moving for summary judgment must affirmatively establish the merits of its cause of action or defense "and does not meet its burden by noting gaps in its opponent's proof" (*Atkins v United Ref. Holdings, Inc.*, 71 AD3d 1459, 1460 [internal quotation marks omitted]; *see Burke, Albright, Harter & Rzepka, LLP v Sills*, 83 AD3d 1413, 1413).

Entered:  October 9, 2015                     Frances E. Cafarell
                                              Clerk of the Court