# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**748**

**CA 15-01669**

PRESENT: PERADOTTO, J.P., DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

RICHARD T. ANDREWS,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

COUNTY OF CAYUGA,
DEFENDANT-APPELLANT-RESPONDENT.

---

THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (RICHARD J. GRAHAM OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

KUEHNER LAW FIRM, PLLC, SYRACUSE, D.J. & J.A. CIRANDO, ESQS. (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered February 5, 2015. The order denied plaintiff's motion for partial summary judgment and denied defendant's cross motion for dismissal and partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs

Memorandum: As we explained on a prior appeal, "[p]laintiff commenced this action seeking damages for injuries he sustained while he was a detainee at the Cayuga County Jail" (*Andrews v County of Cayuga*, 96 AD3d 1477, 1477). In his amended complaint, plaintiff asserts three causes of action: for negligence and medical malpractice, for an alleged violation of his civil rights under 42 USC § 1983, and for an alleged violation of his Fourteenth Amendment rights to due process for defendant's failure to provide him with adequate medical care (*see Powlowski v Wullich*, 102 AD2d 575, 583-584), respectively. Plaintiff moved for partial summary judgment with respect to liability on his negligence claim, and defendant cross-moved for partial summary judgment dismissing that part of the first cause of action seeking damages for injuries to plaintiff's shoulders, i.e., bilateral fractures and dislocations; for summary judgment dismissing the third cause of action; and for dismissal of the second cause of action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Supreme Court denied the motion and cross motion, and we affirm.

Contrary to plaintiff's contention on his cross appeal, we conclude that the court properly denied his motion inasmuch as

defendant raised an issue of fact whether jail personnel were negligent in his treatment.  Both parties submitted expert affidavits with respect to plaintiff's treatment, and it is axiomatic that "the conflicting opinions of the experts . . . present credibility issues that cannot be resolved on a motion for summary judgment" (*Haas v F.F. Thompson Hosp., Inc.*, 86 AD3d 913, 914 [internal quotation marks omitted]).  The conflicting expert opinions also preclude summary judgment dismissing plaintiff's third cause of action for an alleged violation of his Fourteenth Amendment rights based upon the failure of defendant to provide adequate medical care (*see id.*).

The court also properly denied that part of defendant's cross motion seeking partial summary judgment with respect to the injuries to plaintiff's shoulders.  "It is well settled that, on a motion for summary judgment, a defendant in a medical malpractice action bears the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries" (*Bagley v Rochester Gen. Hosp.*, 124 AD3d 1272, 1273).  Here, defendant failed to establish that its expert, a psychiatrist, was qualified to offer an opinion that plaintiff's shoulder injuries were not caused by defendant's negligence (*cf. Black v State of New York* [appeal No. 2], 125 AD3d 1523, 1525).  The remaining evidence submitted by defendant merely notes "gaps in its opponent's proof," which is not sufficient to establish its entitlement to summary judgment (*Andrews*, 96 AD3d at 1478 [internal quotation marks omitted]).

Accepting as true the facts as alleged in the amended complaint and according plaintiff the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88; *Board of Trustees of IBEW Local 43 Elec. Contrs. Health & Welfare, Annuity & Pension Funds v D'Arcangelo & Co., LLP*, 124 AD3d 1358, 1359), we conclude that plaintiff's allegation that he was denied his Fourteenth Amendment rights to adequate medical care by jail personnel is sufficient basis for the assertion of a cause of action pursuant to 42 USC § 1983 (*see Powlowski*, 102 AD2d at 583-584; *cf. Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 281-283, *rearg denied* 15 NY3d 841).  "[I]t is well established that[,] in order to state a claim under [section] 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States" (*Kennedy v St. Barnabas Hosp.*, 283 AD2d 364, 366).  Contrary to defendant's contention, plaintiff made the requisite allegations here.

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court