Nick's Garage, Inc. v Geico Indem. Co. (2018 NY Slip Op 06660)





Nick's Garage, Inc. v Geico Indem. Co.


2018 NY Slip Op 06660


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1002 CA 16-01853

[*1]NICK'S GARAGE, INC., PLAINTIFF-APPELLANT,
v
GEICO INDEMNITY COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY, AND GEICO CASUALTY INSURANCE COMPANY, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






BOUSQUET HOLSTEIN PLLC, SYRACUSE (CECELIA R.S. CANNON OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GOLDBERG SEGALLA LLP, SYRACUSE (JONATHAN SCHAPP OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered January 11, 2016. The order and judgment granted the motion of defendants for summary judgment dismissing plaintiff's amended complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motion in part and reinstating the first cause of action, and the third cause of action to the extent that it is asserted on behalf of plaintiff itself, and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiffs in these consolidated appeals operate automobile repair shops, and they commenced these actions to recover payment for repairs performed on behalf of various assignors, including first-party assignors, i.e., defendants' insureds, and third-party assignors, i.e., persons involved in accidents with defendants' insureds (see generally 11 NYCRR 216.7 [a] [2]). Plaintiffs each appeal from an order and judgment granting defendants' motion for summary judgment dismissing their respective amended complaints on the basis of collateral estoppel. As plaintiffs correctly contend and defendants correctly concede, the orders and judgments cannot be affirmed on the ground of collateral estoppel because the judgments in the cases on which Supreme Court relied for the application of collateral estoppel have since been vacated in relevant part (see generally Church v New York State Thruway Auth., 16 AD3d 808, 810 [3d Dept 2005]).
With respect to defendants' alternative bases for affirmance of the orders and judgments in both appeals (see Cleary v Walden Galleria LLC, 145 AD3d 1524, 1526 [4th Dept 2016]), we reject defendants' contention that they established their entitlement to summary judgment dismissing the respective breach of contract causes of action on the merits. In their motion papers, defendants relied on the purported absence of evidence of plaintiffs' damages. "[I]t is well settled[, however,] that a party moving for summary judgment must affirmatively establish the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof' " (Great Lakes Motor Corp. v Johnson, 132 AD3d 1390, 1391 [4th Dept 2015]; see Atkins v United Ref. Holdings, Inc., 71 AD3d 1459, 1459-1460 [4th Dept 2010]). Moreover, defendants' submissions raise an issue of fact whether defendants breached the relevant insurance policies by paying labor rates during the relevant time period that fell below a reasonable market rate.
That same issue of fact precludes defendants from establishing their entitlement to summary judgment dismissing plaintiffs' respective General Business Law § 349 causes of [*2]action insofar as those causes of action are asserted on their own behalf based on damages plaintiffs allegedly suffered, and we therefore modify the orders and judgments accordingly. We agree with defendants, however, that the limited assignments of insurance and property damage claims did not grant plaintiffs the right to bring a consumer protection claim in place of the assignors. Thus, the court properly granted defendants' motions with respect to the General Business Law § 349 causes of action to the extent that they are based on the assignors' alleged damages (see generally State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 435-436 [2000]; Banque Arabe et Internationale D'Investissement v Maryland Natl. Bank, 57 F3d 146, 151-152 [2d Cir 1995]).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court