Vassenelli v City of Syracuse (2019 NY Slip Op 05878)





Vassenelli v City of Syracuse


2019 NY Slip Op 05878


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, AND CURRAN, JJ.


441 CA 18-00955

[*1]NICHOLAS L. VASSENELLI, PLAINTIFF-APPELLANT,
v
CITY OF SYRACUSE, STEPHANIE A. MINER, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS MAYOR OF CITY OF SYRACUSE, FRANK L. FOWLER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS CHIEF OF POLICE FOR CITY OF SYRACUSE, JUDY CULETON, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS DIRECTOR OF HUMAN RESOURCES DIVISION OF SYRACUSE POLICE DEPARTMENT, MATTHEW DRISCOLL, IN HIS INDIVIDUAL CAPACITY AS FORMER MAYOR OF CITY OF SYRACUSE, GARY MIGUEL, IN HIS INDIVIDUAL CAPACITY AS FORMER CHIEF OF POLICE OF CITY OF SYRACUSE, SERGEANT RICHARD PERRIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, DAVID BARRETTE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS DEPUTY CHIEF OF SYRACUSE POLICE DEPARTMENT, SERGEANT MICHAEL MOUREY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS EMPLOYEE IN CHARGE OF THE MEDICAL SECTION OF CITY OF SYRACUSE POLICE DEPARTMENT, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. (ACTION NO. 1.)  NICHOLAS L. VASSENELLI, PLAINTIFF-APPELLANT, 
 CITY OF SYRACUSE, STEPHANIE A. MINER, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS MAYOR OF CITY OF SYRACUSE, FRANK L. FOWLER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS CHIEF OF POLICE FOR CITY
OF SYRACUSE, SERGEANT MICHAEL MOUREY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS EMPLOYEE IN CHARGE OF THE MEDICAL SECTION OF CITY OF SYRACUSE POLICE DEPARTMENT, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. (ACTION NO. 2.) (APPEAL NO. 1.) 






BOSMAN LAW FIRM, LLC, ROME (A.J. BOSMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
COUGHLIN & GERHART, LLP, BINGHAMTON (MARY LOUISE CONROW OF COUNSEL), FOR DEFENDANTS-RESPONDENTS CITY OF SYRACUSE, FRANK L. FOWLER, IN HIS
AS FORMER CHIEF OF POLICE OF CITY OF SYRACUSE, SERGEANT RICHARD PERRIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, DAVID BARRETTE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS DEPUTY CHIEF OF SYRACUSE POLICE DEPARTMENT, AND SERGEANT MICHAEL MOUREY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS EMPLOYEE IN CHARGE OF THE MEDICAL SECTION OF CITY
 


 Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered February 20, 2018. The order and judgment, inter alia, granted the motion of defendants City of Syracuse, Stephanie A. Miner, Frank L. Fowler, Judy Culeton, Matthew Driscoll, Gary Miguel, Sergeant Richard Perrin, David Barrette, and Sergeant Michael Mourey for summary judgment and dismissed the amended complaint in action No. 1 against them and dismissed the complaint in action No. 2. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, a disabled and retired police officer, commenced these actions seeking damages for injuries he allegedly sustained in connection with defendants' management of plaintiff's health care benefits pursuant to General Municipal Law § 207-c. In appeal Nos. 1 through 4, plaintiff appeals from one order and judgment and three judgments that granted defendants' respective motions for summary judgment and dismissed plaintiff's amended complaint in action No. 1 and complaint in action No. 2. The order and judgment in appeal No. 1 concerns the motion of defendant City of Syracuse (City) and current and former city officials and employees Stephanie A. Miner, Frank L. Fowler, Judy Culeton, Matthew Driscoll, Gary Miguel, Richard Perrin, David Barrette and Michael Mourey (collectively, City defendants); the judgment in appeal No. 2 concerns the motion of defendant Sharon Eriksson; the judgment in appeal No. 3 concerns the motion of defendant POMCO Group, also known as POMCO, Inc., and its employee, defendant Sharon Miller (collectively, POMCO defendants); and the judgment in appeal No. 4 concerns the motion of defendant PMA Management Corp. (PMA) and its employee, defendant Carol Wahl (collectively, PMA defendants).
On a prior appeal, we modified the orders appealed from by denying in part defendants' respective motions to dismiss the amended complaint in action No. 1, reinstating the causes of action for negligence and gross negligence against all defendants, and reinstating the causes of action for promissory estoppel, breach of contract, retaliation and discrimination under the Americans with Disabilities Act (ADA) (42 USC § 1201 et seq.) and the Rehabilitation Act of 1973 (29 USC § 701 et seq.), and retaliation under 42 USC § 1983 against the City defendants (Vassenelli v City of Syracuse, 138 AD3d 1471 [4th Dept 2016]). While the prior appeal was pending, plaintiff commenced action No. 2 against certain City defendants, asserting additional causes of action for promissory estoppel, negligence and gross negligence, and violations of the ADA and the Rehabilitation Act. Supreme Court consolidated the two actions. Subsequently, following discovery, the court granted defendants' respective motions for summary judgment dismissing the complaint and amended complaint. We affirm.
With respect to the City defendants, in appeal No. 1 we conclude that the court properly dismissed the negligence and gross negligence causes of action against them inasmuch as they were entitled to governmental function immunity based on the discretion they are afforded in administering payments of General Municipal Law § 207-c benefits (see generally Turturro v City of New York, 28 NY3d 469, 478-479 [2016]; Applewhite v Accuhealth, Inc., 21 NY3d 420, 425 [2013]). Although plaintiff's negligence and gross negligence causes of action involved the health care services that he was receiving, the City defendants were engaged in a governmental function because they were merely administering the payment of General Municipal Law § 207-c benefits, i.e., they did not actually provide plaintiff with health care services (see Brown v Speed, 302 AD2d 915, 916 [4th Dept 2003], lv denied 100 NY2d 501 [2003]; see generally Applewhite, 21 NY3d at 426). Moreover, the City defendants were entitled to immunity inasmuch as the administration of section 207-c benefits involved the exercise of their discretion and the record [*2]establishes that the City defendants denied payment of the disputed claims for benefits after actually exercising this discretion (see Connolly v Long Is. Power Auth., 30 NY3d 719, 728 [2018]; see generally Matter of De Poalo v County of Schenectady, 85 NY2d 527, 532 [1995]).
With respect to the remaining defendants, in appeal Nos. 2 through 4 we conclude that the court properly granted the respective motions with respect to the negligence and gross negligence causes of action. Plaintiff was not a party to the contracts between those defendants and City defendants, and therefore liability may be established where, inter alia, "the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launches a force or instrument of harm" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). Here, the undisputed evidence established that the POMCO defendants, the PMA defendants, and Eriksson did not have authority to deny payment of plaintiff's claims for General Municipal Law § 207-c benefits. That authority rested, at all relevant times, with the City defendants. Thus, it cannot be said that these defendants launched any "instrument of harm" because they never made the decision to deny any of plaintiff's claims for payment of medical care and treatment.
With respect to the breach of contract cause of action asserted against the City defendants, we conclude in appeal No. 1 that the court properly granted that part of the City defendants' motion seeking to dismiss that cause of action inasmuch as the provision of the collective bargaining agreement that plaintiff purports was breached concerned only the reduction of plaintiff's group health benefits, and did not involve section 207-c benefits in any way. In addition, the court properly granted the City defendants' motion with respect to the promissory estoppel cause of action because plaintiff acknowledged in his own deposition testimony that he knew he is only entitled to payment of section 207-c benefits where they are causally-related to his on-the-job accident, rendering unreasonable any reliance on the purported promise that the City would cover all of his health care costs (see generally Zuley v Elizabeth Wende Breast Care, LLC, 126 AD3d 1460, 1461 [4th Dept 2015], amended on rearg 129 AD3d 1558 [4th Dept 2015]). This is not one of those unusual circumstances where estoppel against a municipality is warranted because doing otherwise would "result in a manifest injustice" (Agress v Clarkstown Cent. School Dist., 69 AD3d 769, 771 [2d Dept 2010] [internal quotation marks omitted]; see Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau, 113 AD2d 741, 744 [2d Dept 1985]).
The court also did not err in granting the City defendants' motion with respect to the ADA, Rehabilitation Act, and retaliation causes of action. Initially, we note that plaintiff, as a public employee, may not sue his employer under Title II of the ADA and the Rehabilitation Act, as plaintiff has done here (see Brumfield v City of Chicago, 735 F3d 619, 626-627 [7th Cir 2013]; Mary Jo C. v New York State & Local Retirement Sys., 707 F3d 144, 171 [2d Cir 2013], cert dismissed 569 US 1040 [2013]; Moore v City of New York, 2017 WL 35450, *18-20 [SD NY, Jan. 3, 2017, No. 15-CV-6600 (GBD) (JLC)]). Where, as here, plaintiff's causes of action are "related to the terms, conditions and privileges of his employment[, i.e., his entitlement to benefits under General Municipal Law § 207-c, they] are covered by Title I" and not Title II of the ADA or the Rehabilitation Act (Klaes v Jamestown Bd. of Pub. Util., 2013 WL 1337188, *13 [WD NY, Mar. 29 2013, No. 11-CV-606]). Dismissal of those causes of action also requires dismissal of the retaliation causes of action predicated thereon. Furthermore, we note that plaintiff abandoned his retaliation cause of action predicated on 42 USC § 1983 by not raising any contentions with respect thereto in his appellate brief (see Calhoun v County of Herkimer, 114 AD3d 1304, 1305-1306 [4th Dept 2014]). In any event, that cause of action was properly dismissed because plaintiff made no showing that City defendants' allegedly adverse action—refusing to pay certain General Municipal Law § 207-c claims—was causally related to his protected First Amendment activity (see generally Calhoun, 114 AD3d at 1306).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court