■ DOROTHY H. WILLIAMS et al., Appellants, v CHENANGO COUNTY AGRICULTURAL SOCIETY, INC., et al., Respondents. [707 NYS2d 578] —Order and judgment unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Plaintiffs commenced this action to recover for personal injuries allegedly sustained by Dorothy H. Williams (plaintiff) when she tripped and fell on premises owned by defendant Chenango County Agricultural Society, Inc. and occupied by defendants Antique Automobile Club of America, Inc. and Rolling Antiquers Antique Car Club. Supreme Court properly granted defendants' motion insofar as it sought summary judgment dismissing that part of the complaint alleging that defendants were negligent in failing to warn of the allegedly defective condition of the premises. Defendants had no duty to warn of the open and obvious condi-

tion of the premises (*see, Holl v Holl*, 270 AD2d 864; *Coote v Niagara Mohawk Power Corp.*, 234 AD2d 907, 908-909). The court erred, however, in granting defendants' motion insofar as it sought summary judgment dismissing the complaint in its entirety. Contrary to defendants' contention, the fact that the defect was open and obvious does not negate defendants' duty to keep the premises reasonably safe (*see, Vereerstraeten v Cook*, 266 AD2d 901; *Tenebruso v Toys "R" Us-NYTEX*, 256 AD2d 1236, 1237; *Crawford v Marcello*, 247 AD2d 907). The court further erred in determining that plaintiffs failed to adduce proof in admissible form that plaintiff actually fell because of the "alleged long grass" and that she was "unsure what actually caused her to fall." The deposition of plaintiff is sufficiently definite to establish the cause of her fall. In any event, defendants failed to meet their initial burden of establishing that they were free from negligence in the manner in which they maintained the grounds (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562). At the least, there are triable issues of fact concerning which defendants were in control of the location and responsible for failing to mow the area and locating handicapped parking there and whether such alleged conduct was negligent.

We modify the order and judgment, therefore, by denying the motion in part and reinstating the complaint except insofar as it alleges negligent failure to warn. (Appeal from Order and Judgment of Supreme Court, Onondaga County, Major, J.— Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Scudder, Kehoe and Balio, JJ.