■ ROBERT PELOW, Appellant, v TRI-MAIN DEVELOPMENT, Respondent and Third-Party Plaintiff. TRICO PRODUCTS CORPORATION, Third-Party Defendant-Respondent. [757 NYS2d 653] —Appeal from that part of an order of Supreme Court, Erie County (Mahoney, J.), entered January 22, 2002, which, upon reargument, adhered to its original decision.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion and third-party defendant's motion are denied, the complaint and third-party complaint are reinstated, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action to recover damages for personal injuries he sustained when he slipped and fell in an elevator in defendant's building. According to the deposition testimony of plaintiff, he initially noticed a puddle of water one square foot in size in the center of the elevator floor when he traveled from the sixth floor to the first floor. He reentered the elevator approximately 15 minutes later, and he slipped and fell in the puddle while leaving the elevator upon returning to the sixth floor. The elevator was manually operated by defendant's employee, who was present both times that plaintiff rode the elevator. In granting defendant's cross motion for summary judgment dismissing the complaint, Supreme Court determined that plaintiff had not met his burden of establishing that defendant "either created the hazard that caused the accident or had actual or constructive notice of the allegedly dangerous condition." The court thereafter granted plaintiff's motion to reargue and, upon reargument, adhered to its original decision.

We note at the outset that the court erred in placing the initial burden of proof on plaintiff with respect to defendant's cross motion. In seeking summary judgment dismissing the

complaint, defendant had the initial burden of establishing that it did not create the alleged dangerous condition and did not have actual or constructive notice of it (*see Mancini v Quality Mkts.*, 256 AD2d 1177 [1998]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Miller v City of Syracuse,* 258 AD2d 947, 947-948 [1999], *lv denied* 93 NY2d 807 [1999]). Here, defendant failed to establish that it had no constructive notice of the alleged dangerous condition. In support of the cross motion, defendant submitted the deposition testimony of the elevator operator, whose memory has been rendered unreliable due to a stroke and an automobile accident. Although the elevator operator testified at his deposition that he never saw water on the elevator floor, he admitted that he had no recollection whatsoever of the incident. In any event, even assuming, arguendo, that defendant met its initial burden on the cross motion, we conclude that plaintiff by his deposition testimony raised an issue of fact whether defendant should be charged with constructive notice of the slippery condition. "To constitute constructive notice, a [condition] must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit a defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Here, plaintiff testified at his deposition that the puddle of water was still on the elevator floor approximately 15 minutes after he first observed it.

Contrary to defendant's contention, the fact that the slippery condition may have been open and obvious does not entitle defendant to summary judgment dismissing the complaint. The issue whether a condition was readily observable impacts on plaintiff's comparative negligence and does not negate defendant's duty to keep the premises reasonably safe (*see Steenwerth v United Ref. Co. of Pa.*, 273 AD2d 878 [2000]; *Crawford v Marcello*, 247 AD2d 907 [1998]). An open and obvious condition merely negates the duty to warn (*see Williams v Chenango County Agric. Socy.*, 272 AD2d 906, 906-907 [2000]; *see also Holl v Holl,* 270 AD2d 864 [2000]). Likewise, the issue whether the hazard was "trivial" is also one of fact, dependent on the "peculiar facts and circumstances of the case" (*Denmark v Wal-Mart Stores,* 266 AD2d 776, 777 [1999]; *see Charbonneau v City of Cohoes*, 232 AD2d 931, 933 [1996]).

Plaintiff's motion to increase the ad damnum clause of the complaint was not addressed by the court in view of the fact that the court granted defendant's cross motion for summary judgment dismissing the complaint. We therefore reverse the order insofar as appealed from, deny defendant's cross motion

and third-party defendant's motion, reinstate the complaint and third-party complaint, and remit the matter to Supreme Court, Erie County, to determine plaintiff's motion. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.