■ MICHAEL F. BAMRICK, as Executor of ANNE P. BAMRICK, Deceased, Appellant, v ORCHARD BROOKE LIVING CENTRE, Respondent. [773 NYS2d 712]—

Appeal from an order of the Supreme Court, Erie County (Robert E. Whelan, J.), entered April 3, 2003. The order granted defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law with costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action as executor of the estate of decedent, his late mother, to recover damages for personal injuries decedent sustained as a result of a fall at defendant's adult home facility. Decedent, a resident of the facility, fell when a towel bar broke away from a wall. Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. Defendant failed to establish its entitlement to judgment as a matter of law by "demonstrat[ing] the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

We reject defendant's contention that defendant cannot be held liable for creating a defective or dangerous condition by installing the towel bar at issue because the New York State Department of Health has not promulgated rules governing towel bars in adult homes. 18 NYCRR 487.11 (i) (1) imposes a duty on an operator of an adult home to "provide furnishings and equipment which do not endanger resident health, safety

and well-being, and which support daily activities and are appropriate to function," and 18 NYCRR 487.11 (k) (3) requires that "[a]ll equipment and furnishings shall be maintained in a clean, orderly condition and in good working order." Defendant failed to demonstrate that, as a matter of law, it complied with those regulations. Defendant's former director of plant operations testified at his deposition that the towel bar in question was not installed with the type of anchors normally used at the facility, and that towel bars throughout the facility were frequently replaced because "they get torn off." Even assuming, arguendo, that defendant met its initial burden on the motion, we conclude that plaintiff raised a triable issue of fact. Plaintiff submitted the affidavit of a contractor experienced in the construction of adult care facilities stating that the customary practice in adult care facility construction is to install a towel bar securely enough to withstand its use as a steadying device. The contractor opined that the towel bar at issue was not properly installed, because it pulled away from the wall within only a few months of its installation. Moreover, even assuming, arguendo, that defendant established as a matter of law that it complied with the applicable regulations and that plaintiff failed to raise a triable issue of fact concerning such compliance, we conclude that "such compliance does not necessarily preclude a jury from finding that the . . . [towel bar] was part of or contributed to any inherently dangerous condition existing in the area of [decedent's] fall" (*Eisenhart v The Marketplace,* 176 AD2d 1220, 1220 [1991]; *see Lamuraglia v New York City Tr. Auth.,* 299 AD2d 321, 324 [2002]). We therefore reverse the order, deny defendant's motion and reinstate the complaint.

All concur except Lawton, J., who concurs in the result only. Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.