■ JAMES D. GRAZIADEI, Respondent, v MOHAMED S. MOHAMED et al., Respondents, and DELAWARE COURT, INC., et al., Appellants. [803 NYS2d 868]—

Appeal from an order of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered December 9, 2004. The order, insofar as appealed from, denied the cross motion of defendants Delaware Court, Inc., Donald Denz and Kenneth Fiebelkorn, individually and as partners doing business as Delaware Court, for summary judgment dismissing the amended complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when an unaffixed concrete parking barrier owned and maintained by Delaware Court, Inc., Donald Denz and Kenneth Fiebelkorn, individually and as partners doing business as Delaware Court (collectively, Delaware Court defendants), fell on him after allegedly being struck by a vehicle driven by defendant Munawar A. Ahmed. Supreme Court properly denied the cross motion of the Delaware Court defendants for summary judgment dismissing the amended complaint against them. Those defendants "failed to demonstrate that under no view of the facts could [they] be found negligent in the happening of the accident . . . . Nor can it be determined, as a matter of law, that . . . [Ahmed's conduct] was an intervening act that was a superseding cause of [plaintiff's] injuries" (*Ortiz v Pina*, 298 AD2d 509, 510 [2002]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Viewing the evidence in the light most favorable to the nonmoving parties, as we must (*see Russo v YMCA of Greater Buffalo*, 12 AD3d 1089 [2004], *lv dismissed* 5 NY3d 746 [2005]), and given the divergent views of the manner in which the accident occurred (*see generally Daly v City of New York*, 235 AD2d 249 [1997]; *Accardi v City of New York*, 121 AD2d 489, 490-491 [1986]), we conclude that there is an issue of fact whether Ahmed's conduct constituted a superseding intervening cause of the accident that was not "a normal or foreseeable consequence of the situation created by the . . . [alleged] negligence" of the Delaware Court defendants (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]; *see generally Pomeroy v Buccina*, 289 AD2d 944, 945 [2001]). Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.