■ ROBENA CORBETT, Respondent-Appellant, v ADELPHIA WESTERN NEW YORK HOLDINGS, LLC, Individually and as Successor in Interest to NIAGARA FRONTIER CABLE TELEVISION, INC., et al., Appellants, and CIPOLLA CONSTRUCTION, INC., Respondent. [845 NYS2d 648]—

Appeals from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered September 8, 2006 in a personal injury action. The order, among other things, denied the motion of defendants Adelphia Western New York Holdings, LLC, individually and as successor in interest to Niagara Frontier Cable Television, Inc., Parnassos, L.P. and Adelphia Communications Corporation for summary judgment dismissing the second amended complaint against them and granted the cross motion of defendant Cipolla Construction, Inc. for summary judgment dismissing the second amended complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law, by granting the motion and dismissing the second amended complaint against defendants Adelphia Western New York Holdings, LLC, individually and as successor in interest to Niagara Frontier Cable Television, Inc., Parnassos, L.P. and Adelphia Communications Corporation and by vacating the last ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she tripped and fell in or near the entranceway to a payment center owned and/or operated by defendants-appellants (hereafter, defendants). We conclude that Supreme Court erred in denying the motion of defendants for summary judgment dismissing the second amended complaint against them, and we therefore modify the order accordingly. Defendants met their initial burden by submitting evidence establishing that the entranceway was not defective, that it was in compliance with the applicable codes and regulations, and that no one had previously tripped and fallen there (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the contention of plaintiff, she failed to raise an issue of fact by submitting the affidavits of two experts stating that the entranceway was dangerous and defective with respect to the concrete slab and expansion joint. " 'Even if an expert alludes to potential defects . . . , the plaintiff still must establish that the slip and fall was connected to the supposed defect, absent which summary judgment is appropriate' " (*Johnson v Samuel*, 15 AD3d 950, 951 [2005]).

Here, plaintiff failed to establish that she tripped on the expansion joint or that any alleged height differential between the concrete slab and doorway caused her to fall (*see generally id.* at 950-951). Further, plaintiff failed to raise an issue of fact whether any alleged defect was not " 'too trivial to be actionable' " (*Smolen v Kmart, Inc.* [appeal No. 2], 2 AD3d 1438, 1439 [2003]), and we reject her contention that the alleged violation of the Americans with Disabilities Act (42 USC § 12182 *et seq.*) raises an issue of fact to defeat the motion (*see generally Lugo v St. Nicholas Assoc.,* 18 AD3d 341 [2005]).

Finally, we have reviewed the contention of plaintiff on her appeal with respect to the cross motion of defendant Cipolla Construction, Inc. and conclude that it is without merit. Present—Scudder, P.J., Gorski, Centra, Lunn and Peradotto, JJ.