MICHAEL BROWN, Appellant, v ROME UP & RUNNING, INC., Respondent. [891 NYS2d 575]—

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained when he fell from a ladder while working in a building owned by defendant. Defendant moved for summary judgment dismissing the complaint, and plaintiff thereafter withdrew the Labor Law causes of action. We agree with plaintiff that Supreme Court erred in granting that part of the motion seeking summary judgment dismissing the remaining cause of action, for negligence.

It is well settled that "New York landowners owe people on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition" (*Tagle v Jakob*, 97 NY2d 165, 168 [2001]). The status of a person on the property as a contractor, visitor or trespasser is no longer dispositive (*see id.*; *Basso v Miller*, 40 NY2d 233, 241 [1976]). "The duty of a landowner to maintain its property in a safe condition extends to persons whose presence is reasonably foreseeable by the landowner" (*Sirface v County of Erie*, 55 AD3d 1401, 1401-1402 [2008], *lv dismissed* 12 NY3d 797 [2009]). Here, plaintiff entered

into a contract with defendant and the City of Rome requiring that he enter the building and occasionally examine its roof. "Questions concerning foreseeability . . . are generally questions for the jury" (*Prystajko v Western N.Y. Pub. Broadcasting Assn.*, 57 AD3d 1401, 1403 [2008] [internal quotation marks omitted]; *see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]) and, contrary to the contention of defendant, it failed to establish as a matter of law that plaintiff's use of the roof hatch was not foreseeable (*see Sirface*, 55 AD3d 1401 [2008]). Present—Scudder, P.J., Smith, Peradotto, Green and Gorski, JJ.