# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**282**
**CA 16-01655**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN,

---

JOHN MANN, SR., PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

AUTOZONE NORTHEAST, INC., DEFENDANT-APPELLANT.

---

GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANT-APPELLANT.

PHILIP A. MILCH, BUFFALO, FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered May 11, 2016. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he allegedly slipped and fell on ice and snow on a sidewalk in front of a store owned by defendant. On appeal, defendant contends that Supreme Court erred in denying its motion for summary judgment seeking dismissal of the complaint. We agree.

Defendant met its initial burden by establishing that "there was no dangerous or defective condition on the sidewalk at the location where the plaintiff fell" (*DiStefano v Ulta Salon*, 95 AD3d 932, 932). Defendant's submissions, including the deposition testimony of plaintiff and the store manager, and photographs of the scene taken immediately following plaintiff's fall, established that there was no ice or snow on the curb of the sidewalk where plaintiff claimed to have slipped while stepping up with his left foot. Contrary to plaintiff's contention, his deposition testimony does not indicate that his right foot slipped on any purported ice or snow in the lower area of the parking lot abutting the curb. Indeed, viewing the evidence in the light most favorable to plaintiff in the context of defendant's motion for summary judgment (*see Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d 931, 932), we conclude that plaintiff unequivocally testified that only his left foot slipped on the curb and that his right foot was stable on the ground in the lower area at the moment of his fall. We further conclude that plaintiff failed to raise a triable issue of fact in opposition. Plaintiff's opposing affidavit regarding the nature of his fall and the condition of the

sidewalk contradicts his prior deposition testimony, and thus "its submission 'constitutes an attempt to raise feigned issues of fact where none truly exists' " (*Alati v Divin Bldrs., Inc.*, 137 AD3d 1577, 1579; *see Telfeyan v City of New York*, 40 AD3d 372, 373).