# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**347**
**CA 16-00971**
PRESENT: WHALEN, P.J., CARNI, LINDLEY, AND NEMOYER, JJ.

---

LINDA SCHNEIDER, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

CORPORATE PLACE, LLC, AND THE CABOT GROUP, INC.,
DEFENDANTS-APPELLANTS.

---

HURWITZ & FINE, P.C., BUFFALO (MARC A. SCHULZ OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

FINUCANE AND HARTZELL, LLP, PITTSFORD (LEO G. FINUCANE OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Debra A. Martin, A.J.), entered March 15, 2016. The order denied the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she tripped and fell on a speed bump in an alleyway at premises owned by defendant Corporate Place, LLC, and managed by defendant The Cabot Group, Inc. Plaintiff alleged in her amended complaint that defendants were negligent, inter alia, in installing the speed bump directly adjacent to a marked pedestrian crosswalk and then painting the speed bump the same color as the crosswalk pavement markings, thus making it difficult for pedestrians to visually distinguish the elevated speed bump from the crosswalk. Supreme Court denied defendants' motion for summary judgment dismissing the amended complaint, and we affirm.

Contrary to defendants' contention, we conclude that they failed to establish as a matter of law that the hazard posed by the speed bump was open and obvious and thus that they had no duty to warn plaintiff of a tripping hazard. It is well established that there is no duty to warn of an open and obvious dangerous condition "because 'in such instances the condition is a warning in itself' " (*Mazurek v Home Depot U.S.A.*, 303 AD2d 960, 962; *see Tagle v Jakob*, 97 NY2d 165, 169). "Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances . . . A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*Calandrino v Town of Babylon*, 95 AD3d 1054,

1056 [internal quotation marks omitted]; *see Hayes v Texas Roadhouse Holdings, LLC*, 100 AD3d 1532, 1533-1534).  "Some visible hazards, because of their nature or location, are likely to be overlooked . . . , and the facts here simply do not warrant concluding as a matter of law that the [speed bump] was so obvious that it would necessarily be noticed by any careful observer, so as to make any warning superfluous" (*Juoniene v H.R.H. Constr. Corp.*, 6 AD3d 199, 200-201; *see Grizzell v JQ Assoc., LLC*, 110 AD3d 762, 764).

We further conclude that the affidavit of defendants' engineering expert is insufficient to satisfy defendants' initial burden on the issue whether the premises were maintained in a reasonably safe condition.  There is no indication in the affidavit that defendants' engineering expert visited the site of the accident (*see generally Kasner v Pathmark Stores, Inc.*, 18 AD3d 440, 441), and he addressed in only conclusory fashion the visibility of the speed bump under the conditions in the alleyway at the relevant time of day with respect to the crosswalk markings of identical color (*see generally Costanzo v County of Chautauqua*, 110 AD3d 1473, 1473).  Contrary to defendants' further contention, compliance with regulations or a building code is not dispositive on the issue of negligence (*see Bamrick v Orchard Brooke Living Ctr.*, 5 AD3d 1031, 1032).  Although plaintiff may have been aware of the existence of the speed bump prior to her fall, her alleged failure to keep a known danger in mind is but one of the factors to be considered by the trier of fact in determining the existence of culpable conduct, if any, attributable to plaintiff within the meaning of the comparative negligence statute (*see generally* CPLR 1411; *Flynn v City of New York*, 103 AD2d 98, 100-101).

Defendants' failure to make a prima facie showing of their entitlement to judgment as a matter of law requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853), and we therefore do not reach defendants' remaining contentions with respect to the opposing papers.

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court