■ Laszlo Biro et al., Respondents, v Harry Keen et al., Appellants. [61 NYS3d 750]—

Appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), dated August 5, 2016. The order denied the motion of defendants for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly arising from an incident in which Laszlo Biro (plaintiff) stepped on one of several bricks or blocks (hereafter, bricks) that he had placed on an exterior landing of an apartment building owned by defendants, where plaintiffs resided, and he fell when the brick moved. In the complaint, as amplified by the bill of particulars, plaintiffs alleged that the incident was caused by several dangerous conditions on the premises, including that the step from the landing to the doorway was too high, that plaintiff was forced to place bricks on the landing to permit plaintiffs to enter and exit the apartment, that there was no hand rail on one side of the door, that defendants installed a screen door that blocked the hand rail on the other side of the door, and that defendants had actual and constructive notice of those conditions but failed to remedy them. Defendants moved for summary judgment dismissing the complaint, contending that plaintiff created the dangerous condition on the premises by placing the bricks on the landing, and that plaintiff's conduct was a superseding intervening act that was the sole proximate cause of the accident. Defendants now appeal from an order denying their motion, based on the court's determination that there are triable issues of fact whether the injuries were the foreseeable result of defendants' negligence. We affirm.

Plaintiffs allege that defendants are liable, as landlords, for the dangerous conditions on the property. It is well settled that "a landlord may be found liable for failure to repair a dangerous condition, of which it has notice, on leased premises [where, as here,] the landlord assumes a duty to make repairs and reserves the right to enter in order to inspect or to make such repairs" (*Chapman v Silber*, 97 NY2d 9, 19 [2001]). "Thus, in a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the defective condition nor had actual or constructive notice of its existence" (*Friedman v 1753 Realty Co.*, 117 AD3d 781, 783 [2014]; *see*

*Anderson v Justice*, 96 AD3d 1446, 1447 [2012]). Here, it is undisputed that defendants were aware of the high step, as well as the missing and blocked hand rails, and that plaintiff had placed the bricks on the landing under the door. We agree with the court, however, that defendants failed to eliminate all triable issues of fact whether plaintiff's conduct in placing the bricks on the landing was a superseding intervening cause of the accident, i.e., defendants failed to meet their burden of establishing that the accident was not "a normal or foreseeable consequence of the situation created by [their] [alleged] negligence" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]; *see Gardner v Perrine*, 101 AD3d 1587, 1587-1588 [2012]; *Graziadei v Mohamed*, 23 AD3d 1100, 1101 [2005]). Inasmuch as defendants failed to establish their prima facie entitlement to judgment as a matter of law, the court properly denied the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Finally, defendants' further contentions, which concern assumption of the risk and the allegedly open and obvious nature of the dangerous condition, are improperly raised for the first time on appeal (*see Oram v Capone*, 206 AD2d 839, 840 [1994]). Present—Whalen, P.J., Smith, Centra, Peradotto and Carni, JJ.