Breau v Burdick (2018 NY Slip Op 07851)





Breau v Burdick


2018 NY Slip Op 07851


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND WINSLOW, JJ.


932 CA 17-02049

[*1]VICTORIA PEARSON BREAU, PLAINTIFF-APPELLANT,
v
BLAIR N. BURDICK, ET AL., DEFENDANTS, DALE R. BURDICK, RAYMOND L. FOSTER AND PAMELA FOSTER, DEFENDANTS-RESPONDENTS. 






FANIZZI & BARR, P.C., NIAGARA FALLS (ANDREW D. FANIZZI OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
WALSH, ROBERTS & GRACE, BUFFALO (JOSEPH H. EMMINGER, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT DALE R. BURDICK. 
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (NICHOLAS HRICZKO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS RAYMOND L. FOSTER AND PAMELA
 


 Appeal from an order of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered August 29, 2017. The order, among other things, denied the motion of plaintiff to compel discovery and granted the cross motions of defendants Dale R. Burdick, Raymond L. Foster and Pamela Foster for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion of defendant Dale R. Burdick and reinstating the complaint against him, and granting plaintiff's motion, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking to recover damages for injuries she sustained when her finger got caught in the unguarded chain of a hay conveyor then owned by defendant Dale R. Burdick while she was performing hay baling work on Burdick's farm. At the time of the accident, plaintiff was helping defendants Raymond L. Foster and Pamela Foster (collectively, Fosters), who had a verbal agreement with Burdick to perform such work on Burdick's farm in exchange for a percentage of the proceeds therefrom. Supreme Court, among other things, denied plaintiff's motion to compel the Fosters to permit inspection of the hay conveyor, and granted the respective cross motions of the Fosters and Burdick for summary judgment dismissing the complaint against them. We conclude that the court properly granted the Fosters' cross motion, but we agree with plaintiff that the court erred in granting Burdick's cross motion. We therefore modify the order accordingly.
It is well established that, "[b]ecause a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]). "New York landowners owe people on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition" (Tagle v Jakob, 97 NY2d 165, 168 [2001]; see Basso v Miller, 40 NY2d 233, 241 [1976]). "The duty of a landowner to maintain [his or her] property in a safe condition extends to persons whose presence is reasonably foreseeable by the landowner" (Brown v Rome Up & Running, Inc., 68 AD3d 1708, 1708 [4th Dept 2009] [internal quotation marks omitted]; see Salim v Western Regional Off-Track Betting Corp., Batavia Downs, 100 AD3d 1370, 1371 [4th Dept 2012]). "[A] landowner's duty to warn of a latent, dangerous condition on his [or her] property is a natural counterpart to his [or her] duty to maintain [the] property in a reasonably safe condition" (Galindo v Town of Clarkstown, 2 NY3d [*2]633, 636 [2004]; see Tagle, 97 NY2d at 169). "It is well settled that both owners and occupiers owe a duty of reasonable care to maintain property in a safe condition and to give warning of unsafe conditions that are not open and obvious" (Barry v Gorecki, 38 AD3d 1213, 1215 [4th Dept 2007]).
Addressing first Burdick's cross motion, we note that it is undisputed that Burdick owned the farm where plaintiff's accident occurred and owned the allegedly dangerous hay conveyor that caused her injury. With Burdick's knowledge and permission, the Fosters used Burdick's hay conveyor to perform the haying work pursuant to their verbal agreement. Indeed, Burdick set up the hay conveyor for the Fosters' use prior to the accident. In addition, Burdick testified at his deposition that he had given Raymond Foster (Raymond) "complete power" over who assisted him and that, on the day of the accident, he was aware that Raymond was going to have people assist him in performing haying work on the farm. Burdick therefore failed to establish as a matter of law that plaintiff's presence on the farm to perform haying work with the Fosters was not reasonably foreseeable (see generally Brown, 68 AD3d at 1708-1709), and we note that Burdick does not contend otherwise.
Additionally, where, as here, "the defendant [property] owner provides . . . allegedly defective equipment, the legal standard [with respect to negligence] is whether the owner created the dangerous or defective condition or had actual or constructive notice thereof' . . . , because in that situation the defendant property owner is possessed of the authority, as owner, to remedy the condition' of the defective equipment" (Sochan v Mueller, 162 AD3d 1621, 1625 [4th Dept 2018] [emphasis omitted], quoting Chowdhury v Rodriguez, 57 AD3d 121, 123 [2d Dept 2008]; see Pommerenck v Nason, 79 AD3d 1716, 1716 [4th Dept 2010]; see also Sama v Sama, 92 AD3d 862, 862 [2d Dept 2012]). In support of his cross motion, Burdick relied upon his deposition testimony, as well as the deposition testimony of Raymond and plaintiff. Burdick's testimony established that he was aware that the hay conveyor had no safety guard over the chain. Although Burdick and Raymond suggested that the absence of a safety guard did not create a safety concern and that it was not unusual for a hay conveyor to lack such a safety guard, the evidence relied on by Burdick also indicates that some models of hay conveyors have a guard over the chain as a safety feature. In particular, Raymond testified that when plaintiff assisted him with haying work on prior occasions, they used a different model of hay conveyor that, unlike the one used at the time of the accident, had a safety guard on it. Moreover, during her testimony, plaintiff attributed the accident to the allegedly dangerous condition of the hay conveyor, i.e., the lack of a safety guard over the chain. Burdick submitted no other evidence—for example, an expert affidavit—to demonstrate that safety guards over the chain are unnecessary for the safe operation of hay conveyors (see generally Kosicki v Spring Garden Assn., Inc., 42 AD3d 909, 910 [4th Dept 2007]). We thus conclude that Burdick failed to establish as a matter of law that the absence of a safety guard over the chain of the hay conveyor did not constitute a dangerous condition (see Smith v Szpilewski, 139 AD3d 1342, 1342 [4th Dept 2016]), or that he lacked actual or constructive notice of the allegedly dangerous condition (see Sochan, 162 AD3d at 1625; Gonzalez v Perkan Concrete Corp., 110 AD3d 955, 959 [2d Dept 2013]).
We agree with plaintiff that Burdick also failed to eliminate all triable issues of fact whether the unguarded chain on the hay conveyor constituted an open and obvious condition. We note that "whether a condition was readily observable impacts on plaintiff's comparative negligence and does not negate defendant's duty to keep the premises reasonably safe . . . An open and obvious condition merely negates the duty to warn" (Pelow v Tri-Main Dev., 303 AD2d 940, 941 [4th Dept 2003]; see Francis v 107-145 W. 135th St. Assoc., Ltd. Partnership, 70 AD3d 599, 600 [1st Dept 2010]; Rice v University of Rochester Med. Ctr., 55 AD3d 1325, 1327 [4th Dept 2008]). "It is well established that there is no duty to warn of an open and obvious dangerous condition because in such instances the condition is a warning in itself" (Schneider v Corporate Place, LLC, 149 AD3d 1503, 1504 [4th Dept 2017] [internal quotation marks omitted]). "Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances . . . A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (id. [internal quotation marks omitted]). "[T]he issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question," but "a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion" (Tagle, 97 NY2d at 169). Even assuming, arguendo, that the [*3]deposition testimony and photographic exhibits establish that the unguarded chain was partially visible to the side of the conveyor belt, we conclude that " [s]ome visible hazards, because of their nature or location, are likely to be overlooked . . . , and the facts here simply do not warrant concluding as a matter of law that the [unguarded chain of the hay conveyor] was so obvious that it would necessarily be noticed by any careful observer, so as to make any warning superfluous' " (Schneider, 149 AD3d at 1504).
In light of the foregoing, Burdick's potential liability is premised upon his ownership of the farm and the allegedly dangerous hay conveyor. Contrary to Burdick's contention, the record does not establish that he had entered into a lease agreement with the Fosters and, to the extent Burdick further contends that there was a bailment of the hay conveyer and that the nature thereof provides an alternative ground for affirmance, that contention is not properly before us inasmuch as it was not raised below (see Lots 4 Less Stores, Inc. v Integrated Props., Inc., 152 AD3d 1181, 1182 [4th Dept 2017]; Ambrose v Brown, 142 AD3d 1312, 1314 [4th Dept 2016]).
We further agree with plaintiff that Burdick failed to meet his initial burden of establishing as a matter of law that his alleged negligence was not a proximate cause of plaintiff's injuries (see Malamas v Toys "R" Us-Delaware, Inc., 94 AD3d 1438, 1438-1439 [4th Dept 2012]). " As a general rule, issues of proximate cause[, including superceding cause,] are for the trier of fact' " (Bucklaew v Walters, 75 AD3d 1140, 1142 [4th Dept 2010]; see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 312 [1980], rearg denied 52 NY2d 784 [1980]) and, contrary to Burdick's contention, we conclude that he "failed to eliminate all triable issues of fact whether plaintiff's conduct in [loading hay bales onto the hay conveyor] was a superseding intervening cause of the accident, i.e., [Burdick] failed to meet [his] burden of establishing that the accident was not a normal or foreseeable consequence of the situation created by [his] [alleged] negligence' " (Biro v Keen, 153 AD3d 1571, 1572 [4th Dept 2017], quoting Derdiarian, 51 NY2d at 315)
Addressing next the Fosters' cross motion, we conclude that the court properly granted that cross motion. The Fosters met their initial burden by submitting evidence that they did not create the allegedly dangerous condition, and that they "did not own, occupy, or have a right to control or maintain the [farm upon which or the hay conveyor by which plaintiff was injured], thereby establishing as a matter of law that [they] owed no duty of care with respect to any unsafe condition existing there' " (Gross v Hertz Local Edition Corp., 72 AD3d 1518, 1520 [4th Dept 2010]; see Masterson v Knox, 233 AD2d 549, 550 [3d Dept 1996]). The Fosters, at most, "had a license to [perform hay baling work on Burdick's farm with his hay conveyor], but the right to use the [farm and hay conveyor] does not establish control or give rise to a duty to warn" (Masterson, 233 AD2d at 550). "In the absence of any authority to maintain or control the [farm or the hay conveyor], or to correct any unsafe condition, [the Fosters] owed no duty of care with respect to any unsafe condition on [Burdick's] premises" (Gibbs v Port Auth. of N.Y., 17 AD3d 252, 254 [1st Dept 2005]). Plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Plaintiff further asserts that there is an issue of fact whether she had an employment relationship with the Fosters but, as the court properly determined, that assertion is belied by the record. Plaintiff repeatedly testified at her deposition that she was never employed by the Fosters, she volunteered to help the Fosters because they were her friends, and she did not expect to, nor did she, receive compensation for her volunteer work (see generally Goslin v La Mora, 137 AD2d 941, 942-943 [3d Dept 1988]).
Inasmuch as we are reinstating the complaint against Burdick, and in light of the concession of the Fosters, who now own the hay conveyor, we further modify the order by granting plaintiff's motion to compel the Fosters to permit inspection of the hay conveyor, which is material and necessary in the prosecution of plaintiff's action against Burdick (see CPLR 3101 [a] [2], [4]; see generally Lobello v New York Cent. Mut. Fire Ins. Co., 152 AD3d 1206, 1209 [4th Dept 2017]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court