Rivera v Rochester Gen. Health Sys. (2019 NY Slip Op 04835)





Rivera v Rochester Gen. Health Sys.


2019 NY Slip Op 04835


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, NEMOYER, AND CURRAN, JJ.


430 CA 18-01691

[*1]SANDRA RIVERA, PLAINTIFF-APPELLANT,
v
ROCHESTER GENERAL HEALTH SYSTEM, DOING BUSINESS AS HILL HAVEN REHABILITATION & TRANSITIONAL CARE CENTER, DEFENDANT-RESPONDENT. 






WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BOND, SCHOENECK & KING, PLLC, ROCHESTER (JENNIFER M. SCHWARTZOTT OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered January 27, 2018. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries that she allegedly sustained when she tripped and fell over a wheelchair scale in a hallway at a nursing home operated by defendant. She appeals from an order granting defendant's motion for summary judgment and dismissing the complaint. We agree with plaintiff that Supreme Court erred in granting the motion, and we therefore reverse.
Initially, we reject defendant's assertion that plaintiff's contentions are raised for the first time on appeal and, therefore, not preserved for our review. Although plaintiff raised her contentions in a memorandum of law that is not included in the record on appeal, the record nonetheless establishes that plaintiff's submissions in the motion court contained those contentions inasmuch as defendant discussed them in its reply papers and the court, in its written decision, noted that plaintiff had raised those contentions in the memorandum of law (cf. Lyndaker v Board of Educ. of West Can. Val. Cent. Sch. Dist., 129 AD3d 1561, 1564-1565 [4th Dept 2015]). In any event, plaintiff's contention that defendant failed to meet its initial burden on its motion for summary judgment is properly before us inasmuch as it involves a "question of law appearing on the face of the record . . . [that] could not have been avoided by the opposing party if brought to that party's attention in a timely manner" (Oram v Capone, 206 AD2d 839, 840 [4th Dept 1994]; see Rew v County of Niagara, 115 AD3d 1316, 1317 [4th Dept 2014]).
Moreover, we agree with plaintiff that defendant did not meet its initial burden on its motion. Here, in its motion, defendant contended that the scale was not dangerous as a matter of law because it was an open and obvious hazard, and thus defendant had no duty to warn of its placement in the hallway. It is well settled that, although "the issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question . . . , a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion" (Tagle v Jakob, 97 NY2d 165, 169 [2001]). Nevertheless, we conclude that the court erred in concluding that the scale was an open and obvious hazard as a matter of law under the circumstances presented. " Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances . . . A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted' . . . Some visible hazards, because of their nature or [*2]location, are likely to be overlooked . . . , and the facts here simply do not warrant concluding as a matter of law that the [wheelchair scale] was so obvious that it would necessarily be noticed by any careful observer, so as to make any warning superfluous' " and to support a conclusion that it was not a hazard as a matter of law (Schneider v Corporate Place, LLC, 149 AD3d 1503, 1504 [4th Dept 2017]; see Breau v Burdick, 166 AD3d 1545, 1548 [4th Dept 2018]; Hayes v Texas Roadhouse Holdings, LLC, 100 AD3d 1532, 1533-1534 [4th Dept 2012]).
Defendant also did not meet its initial burden on the motion by submitting the deposition testimony of one of its employees, who opined that the wheelchair scale was in compliance with the National Fire Prevention Association's Life Safety Code, 2000 Edition (Code). Even assuming, arguendo, that defendant's employee was qualified to render an opinion concerning defendant's compliance with the Code (cf. Hokenson v Sears, Roebuck & Co., 159 AD3d 1501, 1502 [4th Dept 2018]; see generally Matott v Ward, 48 NY2d 455, 459 [1979]), we conclude that defendant is not entitled to summary judgment because it is well settled that "compliance with regulations or a building code is not dispositive on the issue of negligence" (Schneider, 149 AD3d at 1505; see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872 [1995]; Belsinger v M & M Bowling & Trophy Supplies, Inc., 108 AD3d 1041, 1042 [4th Dept 2013]).
Consequently, inasmuch as defendant failed to meet its burden on the motion for summary judgment, the court was required to deny the motion without regard to the sufficiency of the opposing papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853
[1985]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court