Koren v Morgan Raintree, LLC (2020 NY Slip Op 04695)





Koren v Morgan Raintree, LLC


2020 NY Slip Op 04695


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


511 CA 19-01263

[*1]WILLIAM T. KOREN, JR., PLAINTIFF-APPELLANT,
v
MORGAN RAINTREE, LLC, DEFENDANT-RESPONDENT, AND LYMAN JONES UNLIMITED, LLC, DEFENDANT. 






BRIAN K. TOWEY, BUFFALO, FOR PLAINTIFF-APPELLANT. 
GOLDBERG SEGALLA LLP, BUFFALO (RAUL E. MARTINEZ OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered February 1, 2019. The order granted the motion of defendant Morgan Raintree, LLC for summary judgment dismissing the amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the amended complaint is reinstated against defendant Morgan Raintree, LLC.
Memorandum: Plaintiff commenced this negligence action against, among others, his landlord, Morgan Raintree, LLC (defendant), to recover damages for the injuries he sustained after he allegedly fell on a walkway that defendant had purportedly failed to properly clear of ice and snow. Defendant thereafter moved for summary judgment dismissing the amended complaint against it on the grounds that plaintiff's presence on the subject walkway was not reasonably foreseeable during the winter and that, even if his presence was reasonably foreseeable, plaintiff did not actually fall on that walkway but rather on an adjacent grassy area that it had no duty to maintain. Supreme Court granted defendant's motion, and we now reverse.
"New York landowners owe people on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition . . . The duty of a landowner to maintain [his or her] property in a safe condition extends to persons whose presence is reasonably foreseeable by the landowner" (Breau v Burdick, 166 AD3d 1545, 1546 [4th Dept 2018] [internal quotation marks omitted]). "Questions concerning foreseeability . . . are generally questions for the jury" (Brown v Rome Up & Running, Inc., 68 AD3d 1708, 1709 [4th Dept 2009] [internal quotation marks omitted]).
Here, defendant's own submissions on the motion raise triable issues of fact as to the foreseeability of plaintiff's presence on the walkway. Specifically, defendant's submissions established that the walkway on which plaintiff allegedly fell connected the apartment complex's community center to a parking lot and that plaintiff had frequently walked his dog in the general vicinity in the preceding month. Moreover, there were no signs indicating that the subject walkway was closed, nor were there any gates or other physical barriers to accessing the walkway during the winter. Thus, when the evidence is viewed in the light most favorable to plaintiff as the nonmoving party, we conclude that defendant "failed to establish as a matter of law that plaintiff's presence on the [subject walkway] was not reasonably foreseeable" (Breau, 166 AD3d at 1547; see Brown, 68 AD3d at 1709; Sirface v County of Erie, 55 AD3d 1401, 1402 [4th Dept 2008], lv dismissed 12 NY3d 797 [2009]).
Finally, defendant's contention that plaintiff actually slipped not on the subject walkway but rather on an adjacent grassy area that it had no duty to maintain is contradicted by plaintiff's deposition testimony. Contrary to defendant's contention, there is nothing inherently incredible [*2]about plaintiff's testimony as a matter of law and, by submitting that testimony in support of its motion, defendant's own evidence created a triable issue of fact as to where plaintiff actually fell (see Harris v FJN Props., LLC, 18 AD3d 1089, 1090 [3d Dept 2005]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court