Westermeyer v Whelan (2023 NY Slip Op 01375)

Westermeyer v Whelan

2023 NY Slip Op 01375

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, BANNISTER, AND OGDEN, JJ.

22 CA 22-00382

[*1]CHRISTINA M. WESTERMEYER, PLAINTIFF-APPELLANT,
v
PAUL A. WHELAN AND LORI A. WHELAN, DEFENDANTS-RESPONDENTS. 

LOTEMPIO P.C. LAW GROUP, BUFFALO (ANDREW T. GILL OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF JOHN WALLACE, BUFFALO (ALYSON C. CULLITON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered February 22, 2022. The order granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she sustained when she fell after stepping off the front stoop of a home owned by defendants. Plaintiff appeals from an order that granted defendants' motion for summary judgment dismissing the complaint. We affirm.
Defendants met their initial burden by submitting evidence establishing that there was no dangerous or defective condition existing on the property at the location where plaintiff fell and that the stoop "was in compliance with the applicable codes" (Corbett v Adelphia W. N.Y. Holdings, LLC, 45 AD3d 1293, 1294 [4th Dept 2007]; see Mann v Autozone Northeast, Inc., 148 AD3d 1646, 1646 [4th Dept 2017]; Zammiello v Senpike Mall Co., 300 AD2d 1124, 1125 [4th Dept 2002]). We reject plaintiff's contention that she raised a triable issue of fact in opposition by submitting the affidavit of an expert stating that the area where she fell presented a hazard (see Corbett, 45 AD3d at 1294; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Plaintiff's expert affidavit was conclusory and speculative and, therefore, insufficient to raise a triable issue of fact whether a dangerous condition existed (see DiStefano v Ulta Salon, 95 AD3d 932, 933 [2d Dept 2012]; see generally Ciccarelli v Cotira, Inc., 24 AD3d 1276, 1277 [4th Dept 2005]). In any event, "[e]ven if an expert alludes to potential defects . . . , the plaintiff still must establish that the . . . fall was connected to the supposed defect, absent which summary judgment is appropriate" (Corbett, 45 AD3d at 1294 [internal quotation marks omitted]). Here, plaintiff failed to establish that any of the alleged defects caused her to fall (see id. at 1295; see also Mann, 148 AD3d at 1646). Indeed, plaintiff submitted her deposition testimony, wherein she stated that she was caused to step off of the stoop as a result of the front door opening: in other words, not as a result of any dangerous or defective condition on the property.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court