Gorman v Mooney's 9 (2025 NY Slip Op 03408)

Gorman v Mooney's 9

2025 NY Slip Op 03408

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., SMITH, GREENWOOD, DELCONTE, AND HANNAH, JJ.

136 CA 24-00173

[*1]BRYAN GORMAN, PLAINTIFF-RESPONDENT,
v
MOONEY'S 9, 1537 UNION ROAD WEST SENECA, INC., AND MOONEY'S SPORTS BAR AND GRILL, DEFENDANTS-APPELLANTS. 

COOKE DOYLE LLC, BUFFALO (RODGER P. DOYLE, JR., OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
CELLINO LAW LLP, BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (John B. Licata, J.), entered January 11, 2024. The order denied the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that defendants were negligent in failing to warn plaintiff of the alleged dangerous condition, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries he sustained when, while riding his bicycle, he veered off the sidewalk and onto defendants' property, where he struck an advertisement sign that was over 8 feet wide and 88 inches tall. Defendants appeal from an order denying their motion for summary judgment dismissing the complaint, and we now modify.
We agree with defendants that Supreme Court erred in denying that part of their motion with respect to plaintiff's allegation that defendants were negligent in failing to warn of dangerous and defective conditions. Defendants met their initial burden on the motion of establishing that the alleged dangerous or defective condition was open and obvious, and plaintiff failed to raise a triable issue of fact in opposition (see DelRosario v Liverpool Lodging, LLC, 170 AD3d 1595, 1596 [4th Dept 2019]; Sniatecki v Violet Realty, Inc., 98 AD3d 1316, 1318-1319 [4th Dept 2012]; Williams v Chenango County Agric. Socy., 272 AD2d 906, 906-907 [4th Dept 2000]). We therefore modify the order accordingly.
Contrary to defendants' further contention, however, they failed to meet their initial burden of establishing that they maintained their property in a reasonably safe condition (see Di Ponzio v Riordan, 89 NY2d 578, 582 [1997]; Basso v Miller, 40 NY2d 233, 241 [1976]). The fact that a condition is open and obvious does not negate defendants' duty to maintain their property in a reasonably safe condition (see Pelow v Tri-Main Dev., 303 AD2d 940, 941 [4th Dept 2003]; Holl v Holl, 270 AD2d 864, 864 [4th Dept 2000]; see also Bax v Allstate Health Care, Inc., 26 AD3d 861, 863 [4th Dept 2006]); the open and obvious nature of the condition "bears only on the injured person's comparative fault" (Krutulis v Daiker's, Inc., 229 AD3d 1115, 1116 [4th Dept 2024] [internal quotation marks omitted]). Here, defendants relied on conclusory statements in an expert affidavit that failed to demonstrate as a matter of law that defendants' property was in a reasonably safe condition and failed to eliminate triable questions of fact about whether the placement of the sign created an unsafe condition. In light of defendants' failure to satisfy their initial burden of establishing that the property was in a reasonably safe condition, the remainder of their motion must be denied, regardless of the [*2]sufficiency of the opposing papers (see Schneider v Corporate Place, LLC, 149 AD3d 1503, 1505 [4th Dept 2017]). In light of our determination, we do not address defendants' remaining contentions.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court