Turner v Voros (2026 NY Slip Op 00703)

Turner v Voros

2026 NY Slip Op 00703

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

794 CA 24-01673

[*1]SHARON E. TURNER, PLAINTIFF-RESPONDENT,
vJAMES A. VOROS, DEFENDANT-APPELLANT. 

LAW OFFICE OF VICTOR M. WRIGHT, EDMESTON (RACHEL A. EMMINGER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (John B. Licata, J.), entered September 30, 2024, in a premises liability action. The order denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is reversed on the law without costs, the motion is granted and the complaint is dismissed.
Memorandum: Plaintiff commenced this premises liability action seeking to recover damages for injuries that she sustained when she fell off the back landing of a home owned by defendant. Defendant appeals from an order that denied his motion for summary judgment dismissing the complaint. We reverse.
Plaintiff's deposition testimony, submitted by defendant on his motion, established that plaintiff rented the property in question from defendant and had resided there from 1999 through the time the incident occurred in March 2018. The back landing for the premises served as the main entrance to the residence. During the time plaintiff resided at the premises, there had not been, prior to her fall, any incidents, falls or complaints involving the back landing. Plaintiff also testified that the condition of the back landing had not changed while she resided there. Although there were marks on the landing suggesting that posts had been placed in the landing at one time, there had never been handrails on the back landing while plaintiff resided at the premises.
On the day of the incident, plaintiff exited the residence onto the landing, intending to take a walk. There were trash and recycling bins on the step between the landing and the walkway that were obstructing plaintiff's path and, when plaintiff attempted to move them, she fell. Plaintiff did not recall how she fell, but testified that before the fall her feet did not slip, twist or wobble. Plaintiff testified that, at the time of her fall, her feet did not trip or get caught on the concrete.
We conclude that defendant met his initial burden on the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Defendant's evidence, including plaintiff's deposition testimony and the expert affidavit of a registered architect, established that no dangerous or defective condition existed on the property at the location where plaintiff fell and that the landing "was in compliance with the applicable codes" (Corbett v Adelphia W. N.Y. Holdings, LLC, 45 AD3d 1293, 1294 [4th Dept 2007]; see Mann v AutoZone Northeast, Inc., 148 AD3d 1646, 1646 [4th Dept 2017]; Zammiello v Senpike Mall Co., 300 AD2d 1124, 1125 [4th Dept 2002]), and defendant also "demonstrat[ed] that plaintiff could not identify the cause of her fall without engaging in speculation" (Conners v LMAC Mgt. LLC, 189 AD3d 2071, 2072 [4th Dept 2020]; see Darrisaw v Strong Mem. Hosp., 74 AD3d 1769, 1769-1770 [4th Dept 2010], affd 16 NY3d 729 [2011]).
We disagree with our dissenting colleagues that defendant's expert affidavit is insufficient to establish that the landing was in a reasonably safe condition. Defendant's expert set forth his experience and explained that his opinions were based on a reasonable degree of architectural, engineering, and building science certainty. During his investigation, defendant's expert relied on materials that he averred are normally relied upon by experts in the field, including surveys, construction reports, inspection reports, and code books, and he personally visited the premises to "observe and inspect the subject exterior steps" at issue in this matter. During his review, he "found [that, inasmuch as] the subject steps [were] only configured with two risers . . . , no handrails were required." Defendant's expert also measured the subject steps and adjacent landing. Upon his review of the subject steps and landing, defendant's expert found that they met the requisite conditions of being structurally sound, in good repair, properly anchored and capable of supporting imposed loads. Moreover, it was only after observing, inspecting, and measuring the relevant subject steps and landing and making the aforementioned findings that he concluded that the exterior steps and landing were not a fall hazard or otherwise in a defective, deteriorated, unsafe, hazardous or unlawful condition.
We further conclude that plaintiff failed to raise a triable issue of fact in opposition to the motion (see Westermeyer v Whelan, 214 AD3d 1307, 1307 [4th Dept 2023]). Plaintiff's expert affirmation made only conclusory and speculative assertions with respect to the conclusion that a dangerous condition existed and "failed to recite the manner in which the [expert] came to [that] conclusion[ ]" (Ciccarelli v Cotira, Inc., 24 AD3d 1276, 1277 [4th Dept 2005] [internal quotation marks omitted]; see Griffith v ETH NEP, L.P., 140 AD3d 451, 452 [1st Dept 2016], lv denied 28 NY3d 905 [2016]), and plaintiff's expert affirmation similarly made only conclusory and speculative assertions with respect to causation (see Conners, 189 AD3d at 2073; Giardina v Lippes, 77 AD3d 1290, 1291 [4th Dept 2010], lv denied 16 NY3d 702 [2011]). Plaintiff's expert affirmation was therefore insufficient to raise a triable issue of fact (see Westermeyer, 214 AD3d at 1307; Corbett, 45 AD3d at 1294-1295; see also Mann, 148 AD3d at 1646), and plaintiff's opposition papers were otherwise insufficient to raise a triable issue of fact (see generally Zuckerman, 49 NY2d at 562).
All concur except Bannister and DelConte, JJ., who dissent and vote to affirm in the following memorandum: We respectfully dissent. Contrary to defendant's contention, we have repeatedly held that "compliance with regulations or a building code is not dispositive on the issue of negligence" (Schneider v Corporate Place, LLC, 149 AD3d 1503, 1505 [4th Dept 2017]), and thus the mere fact that a defendant has established their "compliance with such codes does not necessarily preclude a jury from finding that [a compliant step or entryway] was part of or contributed to any inherently dangerous condition existing in the area of [a plaintiff's] fall" (Belsinger v M & M Bowling & Trophy Supplies, Inc., 108 AD3d 1041, 1042 [4th Dept 2013] [internal quotation marks omitted]; see Bamrick v Orchard Brooke Living Ctr., 5 AD3d 1031, 1032 [4th Dept 2004]).
Here, it was defendant's burden on his motion for summary judgment dismissing the complaint to establish that "there was no dangerous or defective condition existing on the property at the location where plaintiff fell and that the [steps and landing] 'w[ere] in compliance with the applicable codes' " (Westermeyer v Whelan, 214 AD3d 1307, 1307 [4th Dept 2023]; see Corbett v Adelphia W. N.Y. Holdings, LLC, 45 AD3d 1293, 1294 [4th Dept 2007]). We agree with the majority that defendant submitted ample evidence establishing that his premises complied with the relevant building codes. Defendant's architectural expert, in his affidavit, addressed the enumerated code sections with which defendant's property was compliant; then, however, without referring to any further facts, he concluded that "there is no merit to [plaintiff's] allegations that [defendant] was negligent, careless and/or reckless." Thus, our reading of that affidavit is that defendant's expert relied solely on the lack of code violations in reaching his conclusion, and failed to address the fact that the steps and landing were unguarded or the fact that there was evidence that railings were once guarding the steps and landing. In other words, the expert failed to specifically address whether a dangerous or defective condition existed even in the absence of any code violations. The conclusory statement in the affidavit of defendant's expert that the area of the exterior steps here—despite admittedly lacking handrails—was nonetheless not in a "defective, deteriorated, unsafe, hazardous and/or unlawful condition" failed to satisfy defendant's initial burden of establishing as a matter of law that his property was in a reasonably safe condition (see Gorman v Mooney's 9, 239 AD3d 1260, 1261 [4th Dept 2025]; Bamrick, 5 AD3d at 1032). Inasmuch as we conclude that defendant failed to [*2]satisfy his initial burden, we conclude that the motion was properly denied, regardless of the sufficiency of plaintiff's opposing papers (see Gorman, 239 AD3d at 1261; Schneider, 149 AD3d at 1505), and we would, therefore, affirm.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court